UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. WALKER, JR., | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-15-0391 |
| JOHN E. WETZEL, *et al.*, | : (Judge Kosik) |
| Defendants | : |

**<u>MEMORANDUM</u>**

Presently before the court for preliminary screening is the civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff, William J. Walker, Jr., at the time an inmate confined at the State Correctional Institution at Smithfield, Pennsylvania. He has since been transferred to SCI-Pittsburgh. Plaintiff seeks leave to proceed *in forma pauperis*.[1] (Doc. 2.) He has also filed a motion for the appointment of counsel (Doc. 4) and a motion for a free copy of the complaint (Doc. 11.) Named as defendants are thirty-one (31) employees of the Pennsylvania Department of Corrections. Plaintiff alleges deliberate indifference to his serious psychological

---

[1] Plaintiff completed this court's form application for leave to proceed *in forma pauperis* and authorization form. An Administrative Order was thereafter issued on February 25, 2015 (Doc. 6), directing the warden at SCI-Smithfield to commence deducting the full filing fee from his prison trust fund account.

needs in violation of the Eighth Amendment.

I.      **Background**

Plaintiff alleges that he has been found to be seriously mentally disabled under 42 Pa. C.S.A. § 9729 and is in need of treatment under the Mental Health Procedures Act, 50 P.S. §§ 7101-7504. He claims that Defendants have refused to provide him with the necessary mental health treatment, and/or place him where he can obtain such treatment. Although he lists the names of 31 individual defendants in the caption of his complaint, he only references three of the defendants by name in the body of the complaint. He sets forth general allegations of deliberate denial of treatment for his mental conditions during his confinement at three different state correctional facilities - SCI-Mahanoy, SCI-Smithfield and SCI-Pittsburgh, where he is now currently confined. He claims that he has attempted suicide on several occasions because of the denial of treatment, and that he has thoughts of committing rape when he is released from prison. He further alleges that he is denied treatment because he has not been convicted of a sexual offense.

In the complaint, he indicates that he was confined at SCI-Mahanoy from February 27, 2014 through September 22, 2014, during which time he was refused adequate psychological care. He was then transferred to the "SRTU" at SCI-Smithfield, where he was also denied treatment. It appears that he was thereafter transferred to SCI-Pittsburgh where he stayed until early November of 2014, at which

2

time he was returned to SCI-Smithfield. At some point thereafter, he was again transferred back to SCI-Pittsburgh where he is currently incarcerated.

The only Defendants referenced by name are Dr. Dolphin, David Swisher and Stacy Greene. Greene is a Psychological Service Specialist, who Plaintiff claims would force him to talk to her. When he did open up to her, Plaintiff feels she started looking at him "differently." The only allegations set forth against Dolphin and Swisher are that they disagree as to Plaintiff's diagnosis. There is no indication where these Defendants are employed. Plaintiff seeks declaratory, injunctive, compensatory and punitive relief.[2]

Since the filing of the complaint, Plaintiff has filed two letters with the court. In the first letter dated March 5, 2015, he inquires as to the status of his complaint, notifies the court that he has been transferred to SCI-Pittsburgh, and advises the court that he is on "suicide watch." (Doc. 8.) The Clerk of Court responded to Plaintiff informing him that his case was currently before the court for consideration. (Doc. 9.) On April 1, 2015, Plaintiff submitted another letter complaining about the lack of

---

[2] Because Plaintiff is no longer confined at SCI-Mahanoy or SCI-Smithfield, any request for declaratory or injunctive relief with respect to the Defendants located there is now moot. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993)(A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional). Any declaratory or injunctive relief requests with respect to the claims related to SCI-Pittsburgh will survive and proceed in the Western District of Pennsylvania in accordance with the following resolution of the pending complaint.

3

adequate care and threatening another suicide attempt.[3] (Doc. 10.) On the same date, he also filed a motion seeking a copy of the complaint free of charge.[4] (Doc. 11.)

## II. Discussion

### A. Severance of claims

In reviewing Plaintiff's submission, it is first clear that he attempts to raise claims against Defendants employed at two prisons located within the Middle District of Pennsylvania (SCI-Mahanoy and SCI-Smithfield), and one prison located within the Western District of Pennsylvania (SCI-Pittsburgh). While all claims pertain to the denial of psychological care, they involve conduct by different Defendants in separate incidents occurring at separate facilities.

Venue is not proper in this court with respect to the claims alleged against any incidents occurring at SCI-Pittsburgh involving Defendants employed there. When a claim is brought in a district where it lacks venue, the court may choose whether to dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Fed. R. Civ. P. 12(b)(3), or transfer it to the appropriate venue. In the interests of justice, the court will transfer any claims set forth by Plaintiff that occurred at SCI-Pittsburgh to the

---

[3] The court does not take such threats lightly. Although it appears that Plaintiff may currently be confined in a mental health unit at SCI-Pittsburgh, out of an abundance of caution, the Clerk of Court will be directed to fax a copy of this order and Plaintiff's letter of April 1, 2015 to the warden at SCI-Pittsburgh.

[4] The Clerk of Court will be directed to provide Plaintiff with a copy of his complaint free of charge on this one occasion. In the future, he will be required to pay for copies of any documents he requests from the court.

4

Western District of Pennsylvania.

To facilitate transfer, these claims will be severed from Plaintiff's claims occurring at SCI-Mahanoy and SCI-Smithfield, pursuant to Fed. R. Civ. P. 21. The severed claims will proceed as a discrete suit in the Western District of Pennsylvania. *See Foster v. Majorana*, No. 3:CV-14-1368, 2014 WL 6633385, *4 (M.D. Pa. Nov. 21, 2014). The Clerk of Court will be directed to forward a copy of the complaint and this order to the Western District of Pennsylvania for the purpose of transferring the above-referenced claims to said court.

### B. Screening of Complaint

The court is obligated to conduct a preliminary screening of complaint pursuant to 28 U.S.C. § 1915(e)(2).[5] With respect to that portion of the complaint proceeding in this court wherein Plaintiff attempts to set forth Eighth Amendment claims against the SCI-Mahanoy and SCI-Smithfield Defendants, he will be directed to file an amended complaint for the following reasons.

To state a claim under § 1983, a plaintiff must allege the violation of a right

---

[5] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

5

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state laws. *West v. Atkins*, 487 U.S. 42, 48 (1988). Each defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Personal involvement may be shown through allegations of actual involvement in, personal direction of, or knowledge of and acquiescence to the asserted civil rights violations. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In order to satisfy the personal involvement requirement, "a complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir. 2009)(per curiam).

In the instant case, Plaintiff has clearly failed to allege personal involvement with respect to the Defendants named in this action. First, he does not even specify which Defendants are employed at SCI-Mahanoy and SCI-Smithfield. Moreover, while he generally alleges the denial of mental health care, he fails to set forth any details with respect to the particular instances where care was denied or inadequate, and he fails to associate each particular Defendant with any conduct that is alleged to have violated his constitutional rights under the Eighth Amendment.

For these reasons, he will be provided with the opportunity to submit an

6

amended complaint setting forth only those claims alleged against Defendants at SCI-Mahanoy and SCI-Smithfield with respect to the violation of his Eighth Amendment rights. He is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

### C. Motion for counsel

In support of his request for the appointment of counsel Plaintiff claims he: (1) lacks funds to hire an attorney; (2) is limited by his imprisonment; (3) has limited access to the law library and limited legal knowledge; and (4) will require counsel for trial, factual investigation and obtaining experts. (Doc. 4.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)(*citing Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and

legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. For purposes of this motion, the court will assume that Plaintiff's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (*citing Tabron*, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. *Tabron*, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. Plaintiff

8

demonstrates the ability to litigate this action on his own as evidenced by the docket in this case. He has filed a comprehensible complaint, as well as a motion for counsel. He has also written two letters to the court. While he may be concerned about the amount of time he is afforded in the law library, he does not allege that he has no access thereto. Further, any concerns about witnesses, experts and trial preparation is premature at this juncture. While it is evident in reading the allegations of Plaintiff's complaint that he does suffer from some form of mental infirmity, he neither cites this as a reason in support of the appointment of counsel, nor demonstrate that he is mentally incapable of litigating this action on his own. He appears able to draft and submit pleadings, as well as comprehend the relevant legal issues. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

      An appropriate order follows.